**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SUSAN PROVOST,    )  | |
| )  | |
| Plaintiff,    )  | |
| )  | |
| vs.    )  | **CIVIL ACTION** |
| )  | **NO. 4:11-cv-40137-TSH** |
| SAXON MORTGAGE SERVICES, INC.,    )  | |
| BANK NEW YORK MELLON AS    )  | |
| SUCCESSOR TRUSTEE UNDER    )  | |
| NOVASTAR MORTGAGE FUNDING    )  | |
| TRUST, SERIES 2004-4    )  | |
| )  | |
| Defendants,    )  | |
| )  | |

**FINDING AND ORDER ON DEFENDANT SAXON MORTAGE SERVICES INC.'S,**
**MOTION TO DISMISS**
**March 27, 2012**

**HILLMAN, M.J.**

### Introduction

The Plaintiff, Susan Provost ("Provost") has brought suit against the Defendants, Saxon Mortgage Services, Inc. ("Saxon") and Bank New York Mellon as Successor Trustee Under Novastar Mortgage Funding Trust, Series 2004-4 ("BNY") seeking monetary damages and equitable relief resulting from her failure to secure a mortgage loan modification.  Saxon has moved to dismiss counts against them alleging negligence and negligent misrepresentation

(Counts IV and V) pursuant to FRCP 12(b)(6). For the reasons set forth below, I grant that motion.[1]

## Background

In 2004 Provost entered into an adjustable rate mortgage with Novastar Mortgage, Inc. ("Novastar"). In 2006 she contacted Novastar and requested refinancing and in December of 2007 Novastar issued a loan modification to Provost which reduced her monthly payments. In July of 2008, the mortgage was assigned from Novastar to defendant BNY with Defendant Saxon as the servicer of the loan. Provost alleges that sometime after the 2008 assignment of her mortgage from Novastar to BNY, the 2007 loan modification issued by Novastar was revoked by BNY. BNY represented to Provost that they would get her into a Home Affordable Modification Program ("HAMP") modification and thereafter she was entered into a HAMP Trial Period Plan and made the required payments under the Trial Plan. Despite being told telephonically by Saxon that they would issue her a permanent loan modification, the modification never materialized and in March of 2010, Saxon advised Provost that they would be unable to provide her with a permanent loan modification.

## Discussion

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir.2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir.1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above

---

[1] At oral argument the Plaintiff conceded on the merits of the Defendant's motion with respect to Count V (negligent misrepresentation). Accordingly, this decision only deals with the motion to dismiss the negligence count against Saxon (Count IV).

the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S.Ct. 1955 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir.2008) (quotations and original alterations omitted).

Provost alleges that Saxon and BNY improperly terminated her participation in HAMP. HAMP was authorized by the Secretary of the Treasury in 2009 as part of the Troubled Asset Relief Program, 12 U.S.C. §§ 5201 *et seq*. to mitigate the impact of the foreclosure crisis and preserve home ownership, 12 U.S.C. §§ 5201, 5211-5241.  HAMP's goal is to provide relief to homeowners who have defaulted on their mortgages, or who are likely to default, by reducing mortgage payments to sustainable levels.  Provost claims that she had been approved for a trial period payment plan under HAMP and that she was unilaterally terminated from the program despite being in compliance.

Provost alleges that Saxon was negligent based upon its failure to comply with the HAMP Guidelines by referring the case to foreclosure despite the fact that Provost was in compliance.  Additionally,  she argues that even if she was not an intended third party beneficiary of HAMP that Saxon's violation of regulation created a breach of a duty owed to her. Saxon argues that HAMP does not recognize Provost as an intended third party beneficiary of HAMP and that violation of regulation *per se* does not create a duty of care.  To prevail on a claim for negligence, "a plaintiff must prove that the defendant owed the plaintiff a duty of

reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." Young v. Wells Fargo Bank N.A., No. 11-10757-LTS, 2012 WL 734187, at *4, (D.Mass. March 7, 2012) (citing from Jupin v. Kask, 447 Mass. 141, 145 (2006)).

There is a split of authority in this District on whether Saxon's putative failure to follow regulation generates a duty of care to one in Provost's position.   In  Speleos v. BAC Home Loans Servicing, 755 F.Supp.2d 304 (2010), District Judge Gorton held that a claim for negligence based on a statutory or regulatory violation can survive even where there is no private cause of action under that statute or regulation. *Id*. at 311.  See, e.g., Practico v. Portland Terminal Co., 783 F.2d 255, 265 (1st Cir.1985) (finding that plaintiffs could bring a negligence *per se* claim based on a violation of Occupational Safety and Health Act even though the statute did not provide a private cause of action); Sorenson v. H & R Block, Inc., No. 99–cv–10268– DPW, 2002 WL 31194868, at *10, 2002 U.S. Dist. LEXIS 18689, at *29 (D.Mass. Aug. 27, 2002).

In March of 2011, District Judge O'Toole held that "while violation of a regulation such as HAMP may provide evidence of a breach of a duty otherwise owed, it does not create such a duty in the first place. To the extent that the Speleos case cited above is to the contrary, I respectfully disagree with its reasoning and decline to follow it."  Brown v. Bank of America Corp.  No. 10-11085,  2011 WL 1311278,  at *5 (D.Mass. March 31, 2011).  The case of Markle v. HSBC Mortgage Corporation, No. 10-40189, 2011 WL 6944911 ( D.Mass.  July 12, 2011) likewise finds no duty created solely by violation of regulation.  In Markle, District Judge Saylor also rejected Plaintiff's argument that the HAMP guidelines provide a private cause of action.  In addition, Judge Saylor rejected the argument being made in this case that Plaintiffs could pursue

a common-law claim of negligence for a violation of HAMP guidelines. "Plaintiffs do not cite to any Massachusetts authority recognizing a duty of care set by HAMP guidelines, the breach of which would expose servicers to liability." *Id* at *8. Judge Saylor went on to conclude that "[T]he Court will decline the invitation to recognize in the HAMP guidelines a new duty of care, thus far unrecognized by Massachusetts courts. To find a legal duty within the Helping Families Save their Homes Act - a duty that would expose mortgage servicers to expanded liability under HAMP – would not accord with Congress's intent." *Id* at *8.   Finally, on March 7, 2012, Chief Magistrate Judge Sorokin, citing from Brown likewise found that "[S]o while violation of a regulation such as HAMP may provide evidence of a breach of duty otherwise owed, it does not create such a duty in the first place." Young v. Wells Fargo Bank N.A. at  *4, citing from Brown v. Bank of America Corp, at *4.

   The existence of a duty of care is a function of the relationship between the parties. "[T]he existence of a positive regulation imposing a duty on one actor does not by itself create a similar duty as a matter of state tort common law." Brown,  at *4; see Sorenson v. H & R Block, Inc. No. 99–10268–DPW, 2002 WL 31194868, at *10 (D.Mass. Aug. 27, 2002) (looking at Massachusetts law and finding "it to be the long settled rule that violation of a statute—whether federal or state, and whether permitting a private right of action or not—'does not by itself establish a breach of duty, for it does not constitute negligence per se' ") (quoting Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 557 N.E.2d 1166, 1168 (Mass.1990)).

**Order**

For the reasons set forth above, I choose to follow the reasoning in the Brown, Markle, and Young cases and decline to find that Saxon owed a duty to Provost for their alleged violation of regulation. Accordingly, I grant Saxon's motion and order that Counts IV and V be dismissed.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE